**CHAO RAN CHU, dba Chao Ran Trading Company, Petitioner,**

v.

**BUREAU OF ALCOHOL, TOBACCO & FIREARMS, Respondent.**

No. 87-7231.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 1988.[*]

Decided April 21, 1988.

Designated for Publication June 24, 1988.

Larry A. Morse, Mill Valley, Cal., for petitioner.

Laura Heiser, U.S. Dept. of Justice, Anti–Trust Div., Washington, D.C., for respondent.

Before CHOY, SNEED and HUG, Circuit Judges.

PER CURIAM:

The issue in this case is whether under the Federal Alcohol Administration Act, 27 U.S.C. §§ 201–211 (Supp.1987), ("FAA Act"), the suspension of Chao Ran Chu's ("Chu") wholesaler & importer permits is tantamount to a revocation in violation of the FAA Act's proscription against revoking permits for first time violations. *See* 27 U.S.C. § 204(e). The Director of the Bureau of Alcohol, Tobacco & Firearms affirmed an administrative law judge's ("ALJ") finding that Chu willfully violated the conditions of his permits by failing to comply with the Internal Revenue Code, 26 U.S.C. Chapter 51, and the FAA Act. However, the Director modified the suspension period for the permits ordered by the ALJ, of a time to be specified by the Regional Director, not to exceed three years. The Director ordered the time of suspension to be 45 days and thereafter until Chu extinguished his tax liability. This appeal follows.

The FAA Act gives the Director broad discretion in suspending permits for willful violations of the conditions of the permits. 27 U.S.C. § 204(e). His broad discretion extends to determining the appropriateness of the sanctions as well as determining the duration of the suspension. *Cf. Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1457–58, 36 L.Ed.2d 142 (1973); *Haltmier v. Commodities Futures Trading Comm'n*, 554 F.2d 556, 564 (2d Cir.1977). The Director is specifically authorized to suspend permits when the tax laws are violated. 27 U.S.C. § 204(e). The Director's modification of the order that removed the three-year cap and inserted a provision that the suspension would remain until the tax liability was paid was a proper discretionary act.

The duration of Chu's suspension beyond the 45–day minimum is completely within Chu's control. The suspension will be lifted as soon as Chu has extinguished his tax liability. Chu argues that the duration of his suspension should not be premised on the payment of his tax liability. In essence, Chu asks this court to allow him to continue his business with valid permits while retaining over $80,000 in overdue taxes. One of Congress's chief purposes in establishing the permit system was to protect the revenue by assuring the collection of designated taxes.[1] Chu's argument is

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. "[T]he permit provisions constitute an exercise by Congress of its power to use such means as are 'necessary and proper' in order more effectively to carry out its powers to collect taxes,...." H.R.Rep. No. 1542 74th Cong., 1st Sess. at 7 (1935). Congress went on to state that

inconsistent with the purposes of the FAA Act.

Chu asserts that his suspension is tantamount to a revocation because he is financially unable to pay the taxes, thus, the suspension can extend indefinitely. The ALJ and the Director found no evidence to support this assertion, nor does Chu call our attention to any such evidence. His argument is unsupported by the record.

The Director's decision is AFFIRMED.

additional safeguards were needed for the "protection of the revenue." *Id.* at 3.